IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE LUIS MANRIQUEZ GUTIERREZ, #202001354, | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:21-cv-715-M-BN |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Jose Luis Manriquez Gutierrez was convicted of illegal reentry after removal from the United States and sentenced by this Court to 27 months of imprisonment on June 17, 2020. Gutierrez, at the time incarcerated at the Johnson County jail, submitted correspondence to this Court docketed on March 24, 2021 and construed as challenging the execution of his federal sentence, *see* Dkt. No. 3, prompting the Court to open this action under 28 U.S.C. § 2241, *see* Dkt. No. 4, which Chief Judge Barbara M. G. Lynn has referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b).

The government filed a court-ordered response and a court-ordered supplemental response to the construed Section 2241 habeas petition. *See* Dkt. Nos. 5, 7, 9, 11, & 12. Through both, the government moves the Court to dismiss this case as moot. Gutierrez failed to file a reply to the first response, and it is well past the deadline to do so. *See* Dkt. No. 5.

After Gutierrez failed to reply, the undersigned entered findings of fact,

conclusions of law, and a recommendation (an FCR) on August 23, 2021, *see* Dkt. No. 8, but that FCR was withdrawn "to allow the government to review the declaration filed in support of its response [Dkt. No. 7 at 3-4] to ensure that all facts stated therein are correct and that the declaration accurately and fully explains how Petitioner satisfied his 27-month sentence," Dkt. No. 9. As set out below, the government has now explained how Gutierrez completed his federal sentence on August 30, 2020 but was not returned to state custody until April 6, 2021.

Gutierrez's 27-month federal sentence began on the date it was imposed. *See* 18 U.S.C. § 3585(a). On June 17, 2020, he was in the custody of the United States Marshal under a writ of habeas corpus *ad prosequendum* from a pending state criminal case in Ellis County. *See* Dkt. No. 12 at 6 (¶ 5); *id*. at 11. Regardless, the Federal Bureau of Prisons (BOP), under 18 U.S.C. § 3585(b), determined that Gutierrez should receive credit for his time in pretrial custody from the date of his arrest (on September 30, 2018) through June 16, 2020, as that time (626 days) was not applied toward any other sentence. *See* Dkt. No. 12 at 20; *cf. Pierce v. Fleming*, 150 F. App'x 344, 345 (5th Cir. 2005) (per curiam) ("[B]ecause the record indicates that the time that Pierce spent in federal custody pursuant to a writ of habeas corpus *ad prosequendum* was credited against his state sentence, the BOP correctly applied 18 U.S.C. § 3585(b)(2) when it did not include this time as a credit towards Pierce's federal sentence." (citing *Vignera v. Attorney Gen. of the United States*, 455 F.2d 637, 637-38 (5th Cir. 1972))).

His pretrial credit plus his good conduct time resulted in a tentative release

date of August 30, 2020. *See* Dkt. No. 12 at 20. But BOP failed to calculate Gutierrez's sentence prior to his filing a construed habeas petition because the Court's judgment

> was not transmitted to the [BOP]. In the normal course of business, the USMS transmits the Judgment to the BOP, requesting either designation to a facility for service of the term, or a tentative release date (TRD) if the sentence is short and the defendant has served a great deal of time presentence, i.e., the sentence will be ineffectual or too short to designate.
> On April 1, 2021, BOP received a request for assistance from the United States Attorney['s] Office due to a habeas petition received in this case. As BOP had no information regarding Petitioner, nor his sentence, BOP inquired with the USMS. On April 1, 2021, the USMS sent the Judgment to BOP, along with a request for a TRD.

*Id.* at 6-7 (¶¶ 7 & 8) (citation omitted).

Gutierrez was returned to state custody on April 6, 2021. *See* Dkt. No. 12 at 8 (¶ 14). And he was removed to Mexico on August 19, 2021. *See id.* at 3-5.

As to mootness, "'[i]n order to maintain jurisdiction, the court must have before it an actual case or controversy at all stages of the judicial proceedings.'" *Herndon v. Upton*, 985 F.3d 443, 446 (5th Cir. 2021) (quoting *United States v. Vega*, 960 F.3d 669, 672 (5th Cir. 2020) (citing, in turn, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998))). "A case becomes moot if an event occurs during the pendency of the action 'that makes it impossible for the court to grant any effectual relief whatever to a prevailing party.'" *Carbajal v. Holder*, 43 F. Supp. 3d 1184, 1189 (D. Colo. 2014) (quoting *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992)). Gutierrez's release from federal custody is such an event, mooting his Section 2241 petition. *See, e.g., Green v. Maiorana*, 599 F. App'x 557, 558 (5th Cir. 2015) (per curiam) ("Green's petition does not challenge his conviction which carries collateral consequences even after release.

Instead, Green's petition alleges purported errors that occurred after he was sentenced, for which he seeks the restoration of lost good time credit and restoration of his classification level. Because Green was released in January 2015, this court can no longer provide him with that relief." (citations omitted)).

## Recommendation

The Court should dismiss this habeas action as moot.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. And any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 21, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE